| 88  617|
| f143  27|

CELIA CRONENWAITE v. FERDINAND HOFFMAN ET AL.

*Highways—Encroachment—Trespass.*

In an action of trespass against a commissioner of highways for removing a fence which he claimed was an encroachment upon a regularly laid section-line highway, and so described it in the order for removal, the commissioner can only justify by showing that the highway is located upon the section line, and a contrary finding by the jury entitles the plaintiff to a verdict.

Error to Monroe. (Kinne, J.) Submitted on briefs November 20, 1891. Decided December 21, 1891.

Trespass. Defendants bring error. Affirmed. The facts are stated in the opinion.

*Charles A. Golden* and *George M. Landon,* for appellants.

*Ira G. Humphrey,* for plaintiff.

CHAMPLIN, C. J. This is an action of trespass upon lands described as the N. W. ¼ of the N. W. ¼ of section 15, town 5 S., range 8 E.

The suit was commenced in justice's court, and removed to the circuit court under a plea of title, to wit: That the *locus in quo* was a public highway, and that defendant Hoffman was the commissioner of highways, and that he did the act complained of as such commissioner in removing the encroachment upon the highway, and the other defendants were his assistants, and acting at his request and by his authority as such commissioner.

Upon the trial in the circuit court the plaintiff gave in evidence a deed of the premises to her, dated June

2, 1883, and showed possession under it. The damage consisted in taking down a rail fence and throwing it back southward upon plaintiff's land some eight feet.

The defendants introduced testimony, which was not controverted, showing that on the 18th day of June, 1870, the commissioners of highways duly laid out a public highway on the section line between sections 10 and 15, taking from the lands now owned by plaintiff a strip two rods in width, and at that time the land now owned by plaintiff, adjoining this highway so laid out, was timbered land, and uninclosed; that in the spring of the year 1871 the highway commissioners opened such highway, and from that time to April, 1888, the public and township authorities had worked, improved, and traveled such highway on the section line continuously, claiming two rods south from such section line between sections 10 and 15. Plaintiff built the fence in dispute in April, 1888, and it was claimed that this was an encroachment upon the highway; and the defendant Hoffman, as such commissioner, ascertained the extent of such encroachment, and on the 29th day of October, 1888, as he testifies, served upon the plaintiff an order, of which the following is a copy, and filed proof of such service in his office:

"COUNTY OF MONROE, }
   Township of Exeter. }

"The undersigned, commissioner of highways of the township of Exeter, county of Monroe, having ascertained that the public highway in said township running east and west on section line between sections 10 and 15 is encroached upon the south side thereof along the lands in the occupation of Daniel Cronenwaite by a rail fence, erected by the present occupant of the same, and having ascertained the bounds and limits thereof to be upon and according to following line, namely: Beginning at a point in the east line of N. W. quarter of N. W. quarter of section 15 of Exeter, Monroe county, 18½ links south

of the north line of said section, said section line being the center of an old traveled highway between sections 10 and 15; thence running south $31\frac{1}{2}$ links (this being the point of greatest encroachment); thence westerly, parallel to the said section line, to the highway on the west side of said description; thence north 4 links; and thence easterly to the place of beginning,—and having ascertained that all that narrow strip or parcel of land which lies inside said fence, or all that strip of land inside said fence and between said fence and the line of said highway, is a part of said highway, it is therefore ordered by me, the said commissioner of highways, that within 30 days after service of this order said fence be removed so that the said highway shall be opened and unobstructed, and of the width originally intended, which was 4 rods.

"Given under my hand this 29th day of October, A. D. 1888.

"FERDINAND HOFFMAN,
" Commissioner of Highways."

"To Mrs. Celia Cronenwaite: Take notice that an order, a copy of which is herewith served upon you, has been made by me, and you are required, according to the statute in such case made and provided, to remove the rail fence therein mentioned within 30 days after service upon you of a copy of said order.

"Dated the 29th day of October, A. D. 1888.

"FERDINAND HOFFMAN,
"Commissioner of Highways."

No notice was taken of the order by plaintiff, and in March, 1889, the commissioner proceeded to remove the fence, which is the trespass complained of. On the trial it became a question, upon which testimony was offered by both parties, as to the location upon the ground of the section line between sections 10 and 15; and, if such line was in fact where the plaintiff contended, she had not encroached upon the highway, but, if it was in fact where the defendants contended, then she had encroached upon it.

The only assignments of error alleged relate to the charge of the court as given, and to his refusals. to charge. The court charged the jury, after instructing them as to the rules which should be observed in retracing section lines, as follows:

"If you find that the survey as made by Baldwin is correct, then the fence of the plaintiff was an illegal encroachment, and the defendants will be justified in removing it, for it was not disputed but that, according to his survey, it was within the highway. But, if you are satisfied that the survey of Mr. Bartlett is correct, then there are other questions which arise in this case."

No exception is taken to this portion of his charge. The errors relied upon relate to his instructions and his refusal to instruct with reference to highways by user. It is not necessary to examine or pass upon the errors alleged upon this branch of the case, for the reason that, if erroneous, they were not prejudicial to the defendants. The defendants could only justify upon . the ground that the highway was upon the section line which had been accepted by the proper authorities of the township. How. Stat. § 1315. The order and notice to plaintiff were based exclusively upon such highway on the section line, and not upon a highway by user on a different location than a section line. The order does not recite that the highway is a highway by user, describing the center line thereof; nor is it otherwise described than as a highway located upon the section line. The defendants had no right to interfere with the plaintiff's possession unless to remove such an encroachment as the commissioner had declared and ordered plaintiff to remove. Inasmuch as the jury must, under the instruction of the court, have found that the section line was not located where it was claimed to be by the defendants, the verdict must necessarily have been in favor of the plaintiff, and

we ought not to reverse the judgment in order that the
parties may try an immaterial issue.

The judgment is affirmed.

The other Justices concurred.