LABO v. ASAM.

HIGHWAYS AND STREETS — OBSTRUCTIONS — REMOVAL —JUSTIFICA-
TION.

A highway commissioner, claiming that plaintiff had encroached on the highway, made and served upon him an order requiring him to remove his fence thereon. Plaintiff served no denial, as required by statute, and the commissioner removed the fence. *Held*, that, in trespass for so doing, the order alone was no proof of the fact stated in it that the fence was in the highway, and, in the absence of such proof, furnished no justification to the commissioner.

Error to Monroe; Lockwood, J. Submitted December 8, 1905. (Docket No. 186.) Decided January 24, 1906.

Trespass quare clausum fregit by Clement Labo against August Asam and others. There was judgment for plaintiff on a verdict directed by the court, and defendants bring error. Affirmed.

*George M. Landon* and *E. R. Gilday*, for appellants.

*C. A. Golden* and *Willis Baldwin*, for appellee.

BLAIR, J.   Appellee was the occupant and owner of a tract of land in the township of Frenchtown, Monroe county, described in his declaration in this case as follows: Tract in section 17, town 6 S., range 10 E., bounded, north, by highway, as then fenced on the said 8th day of May, 1904; west, by the west line of said section; south and east, by lands of Fix.   On the 19th day of January, 1904, the then highway commissioner of the township, claiming that the appellee had encroached upon the highway above mentioned as the northern boundary of appellee's land, made an order, under his hand, requiring the fence constituting such encroachment to be removed.   On the 29th day of said January a copy of said order, together with a notice requiring him to remove said fence, was served upon appellee.   Appellee gave this order and notice no attention, and served no denial in writing, as required by law [§ 4122, 2 Comp. Laws], of the existence of a highway as therein claimed, or of the encroachment, in whole or in part, on the commissioner of highways of the township.   After the expiration of the 30 days the commissioner of highways, with the aid of the other appellants, whom he called to his assistance, took down the fence, placing the materials on appellee's land, south of the highway.

Appellee then brought his action of trespass in justice's court and filed his written declaration, to which defendants pleaded the general issue, with notice that the locus in quo was a public highway, and that plaintiff had been ordered to remove an encroachment existing thereon, which he had neglected and refused to do, and that he had not made and served a denial, in writing, of the existence of a highway, or the fact of encroachment, as claimed, and that defendant Asam, as commissioner of highways, the others assisting him, had acted in the per-

formance of official duty, etc. Bond was given, and the case was certified to the circuit court of the county for trial.

The plaintiff offered evidence tending to show: That he had been the owner and in possession of the lands described in his declaration for about 35 years, and that the north line of said premises is the section line where the old road is. That plaintiff's grantor of the westerly part of said premises, before the conveyance thereof to plaintiff, had built a rail fence, some 30 to 35 rods in length, along the south border of the road. That plaintiff had himself built and maintained a fence on the easterly part of the premises, along said road, ever since he had owned it. The entire fence, some half a mile in extent; along the road, was thrown down on the 6th day of May, 1904, by defendants, and the materials were thrown onto the meadow land south of the fence. That his damages are $50. That one A. F. Kuhl, who, at the time, was highway commissioner of the township of Frenchtown, served a paper on plaintiff which was not dated, and afterwards another paper was served on plaintiff by one Steckmeyer, officer, or deputy, or constable. "I was on friendly terms with Steckmeyer, and that was all I wanted to know about it." This was in January or February, 1904. Plaintiff kept the paper; got some one to read it to him; and found out what it was, in part. This paper, Exhibit A, was produced by plaintiff, and received in evidence. Plaintiff sent no word or written notice to said Kuhl, highway commissioner, within 30 days or at any time, and did not remove any fence. The defendants took the fence down, acting under the orders of the defendant, August Asam, the then highway commissioner of Frenchtown. This comprised all of the testimony in the case. The defendants did not offer any evidence, but requested the court to direct a verdict in their favor. The court refused to grant defendants' request, and directed a verdict in favor of plaintiff. This constitutes the error relied upon for a reversal.

We think the ruling of the trial court was correct. The order of the highway commissioner recited that the road was on the town line, and that the "east half of said highway is allotted to the township of Frenchtown to maintain." But there was no proof of any such allotment, or even that the fence was not upon the true line as described in the order. The order is not of itself proof of the facts stated in it, and, in the absence of such proof, furnishes no justification. *Cronenwaite* v. *Hoffman*, 88 Mich. 617. See, also, *Neal* v. *Gilmore*, 141 Mich. 519.

The judgment is affirmed.

McALVAY, GRANT, HOOKER, and MOORE, JJ., concurred.